UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
JUAN BECERRA, individually and on behalf of all others
similarly situated,

                                Plaintiffs,

              -against-                         **MEMORANDUM AND
ORDER**

IM LLC-I, IL MULINO USA, LLC, IM LONG ISLAND            CV 14-2671 (ADS)(ARL)
RESTAURANT GROUP, LLC, IMNY FLORIDA, LLC,
IMNY CHICAGO, LLC, IMNY ASPEN, LLC,
IMNYLV, LLC, IMNY SOUTH BEACH, LLC,
IMNY PUERTO RICO, LLC, JOHN DOE
CORPORATIONS #1-7, BRIAN GALLIGAN and
GALLIGAN HOSPITALITY GROUP, INC.,

                               Defendants.
-----------------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

       Before the Court, on referral from District Judge Spatt, is plaintiff's motion to

(1) conditionally certify a collective action pursuant to Section 216(b) of the Fair Labor

Standards Act ("FLSA"), as amended, 29 U.S.C. §§ 201 *et seq*., (2) provide judicial notice of the

lawsuit to all collective action members, and (3) facilitate notice by requiring defendants to

produce an electronic list of contact information for all potential collective action members.  For

the reasons that follow, plaintiff's motion is denied.

## BACKGROUND

       The following facts are taken from the first amended complaint and the declaration

submitted by the named plaintiff Juan Becerra ("Plaintiff").  Defendants IM LLC-I and Il Mulino

USA, LLC own and operate at least twelve restaurants in the United States operating under the

trade names "Il Mulino," "Il Mulino New York," and "Trattoria Il Mulino."  First Am. Compl. ¶¶

9, 11.  Plaintiff was employed as a busboy by Il Mulino at its Roslyn, New York location from

approximately March 2011 to March 2013.  Decl. of Juan Becerra, dated Sept. 10, 2014 ("Becerra Decl."), ¶ 2.  He also worked on Christmas Eve, December 24, 2013.  *Id.* ¶ 3.  During his employment, Plaintiff was paid $5.00 per hour for the first 40 hours, and $8.63 per hour for his overtime hours.  *Id.* ¶ 4.  Alis Omeragic was the manager of Il Mulino's Roslyn location during the Plaintiff's period of employment.  *Id.* ¶ 3; First Am. Compl. ¶ 50.

Plaintiff alleges that Manager Omeragic regularly shared in the tip pool and was listed on the tip pool worksheet in violation of the FLSA, which provides that employers can pay their employees below the minimum wage so long as the employees retain all tips they receive.  *Id.* ¶ 51; Becerra Decl. ¶ 11.  At some point, the captains in the restaurant – who were aware that there was a lawsuit against the Manhattan Il Mulino – started complaining about the allegedly illegal tip sharing.  Becerra Decl.  ¶ 12.  Although Manager Omeragic continued to share in the tips, he eventually removed his name from the tip sheet once the employees' discussion turned to bringing a lawsuit.  *Id.* ¶ 13.

Plaintiff also alleges that during his employment with Il Mulino, he was subject to a company-wide policy of deducting "breakage" fees from tips.  First Am. Compl. ¶ 52.  In this regard, Plaintiff claims that he was forced to pay $10 for a wine glass he broke, Becerra Decl. ¶ 15, and $30 for three broken cups, *id.* ¶ 19.  Thereafter, other employees had breakage incidents, and Il Mulino posted notices providing that all employees would be charged $10 per broken glass and plate.  *Id.* ¶ 16.  According to Plaintiff, all of the workers at Il Mulino were subject to the breakage policy, *id.* ¶ 20, and the breakage policy was still in effect when he returned to Il Mulino on December 24, 2013, *id.* ¶ 22.

On April 29, 2014, Plaintiff commenced this action on behalf of himself and other similarly situated employees who were allegedly subjected to Il Mulino's company-wide policies

in violation of the FLSA and the New York Labor Law ("NYLL").   On June 4, 2014, Plaintiff

filed an amended complaint.  Specifically, Plaintiff alleges that the owners and operators of

Mulino II have instituted (1) an unlawful tip sharing policy which allows managers to share in

the tip pool and (2) an unlawful breakage policy which deducts costs of breakage from

employees' salaries, while at the same time taking a tip credit against the minimum wage.

According to Plaintiff, Il Mulino shares common ownership, control, and pay practices.  First

Am. Compl. ¶ 21.  These pay practices have been challenged on a restaurant-by-restaurant basis.

*Id.* ¶ 22.  This lawsuit seeks to remedy these alleged violations on a company-wide basis.  *Id.* ¶

23.

        Plaintiff now seeks conditional class certification and court authorized notice pursuant to

Section 216(b) of the FLSA to all potential opt-in plaintiffs.  Specifically, Plaintiff seeks

conditional certification as to the following group:

> all current and former tipped employees of IM Long Island
> Restaurant Group, LLC, IMNY Florida, LLC, IMNY Chicago,
> LLC, IMNY Aspen, LLC, IMNYLV, LLC, IMNY South Beach,
> LLC, IMNY Puerto Rico, LLC and John Doe Corporations #1-7
> ("Il Mulino")[1] who have been employed at any time since April 29,
> 2011.

Pl.'s Notice of Mot. at 1-2.  According to Plaintiff, there are over 200 similarly situated current

and former employees of Il Mulino who have been victims of defendants' common policy and

practice nationwide.  First Am. Compl. ¶ 31.  Defendants oppose the application.

## DISCUSSION

## I.    Standards for Conditional Certification

        The FLSA provides a private right of action to recover unpaid prevailing minimum wages

---

[1]  According to the first amended complaint, defendants John Doe Corporations #1-7
have, within the three years prior to the filing of this complaint, operated restaurants under the
names "Il Mulino," "Il Mulino New York" or "Trattoria Il Mulino."  Compl. ¶ 13.

and/or overtime compensation and liquidated damages from an employer who violates the Act's
provisions.  *See* 29 U.S.C. § 216(b).  Pursuant to the FLSA, employees may maintain a collective
action to recover unpaid wages where the employees are "similarly situated" and give consent to
become a party in writing with the court.  29 U.S.C. § 216(b); *see Francis v. A&E Stores, Inc.*,
No. 06 CIV. 1638, 2008 WL 2588851, at *1 (S.D.N.Y. June 26, 2008), *adopted as modified by*
2008 WL 4619858 (S.D.N.Y. Oct. 15, 2008).  "District courts have discretion, in appropriate
cases, to implement § 216(b) by facilitating notice to potential plaintiffs of the pendency of the
action and of their opportunity to opt-in as represented plaintiffs."  *Klimchak v. Cadrona, Inc.,*
No. 09 Civ. 4311, 2011 WL 1120463, at *4 (E.D.N.Y. Mar. 24, 2011) (internal quotation marks
and citations omitted).

       In FLSA collective actions, courts typically undertake a two-step method of certification.
*See Myers v. Hertz Corp.,* 624 F.3d 537, 554-55 (2d Cir. 2010) (endorsing a two-step method of
certification in an opt-in collective action under the FLSA).  At the first stage (known as the
conditional certification stage), "the court examines pleadings and affidavits, and if the court
finds that proposed class members are similarly situated, the class is conditionally certified;
potential class members are then notified and given an opportunity to opt-in to the action."
*Cuzco v. Orion Builders, Inc.*, 477 F. Supp. 2d 628, 632 (S.D.N.Y. 2007); *see Myers,* 624 F.3d at
554-55.  The second stage (known as the decertification stage) occurs after completion of
discovery, when the court "examines the record and again makes a factual finding regarding the
similarly situated requirement; if the claimants are similarly situated, the collective action
proceeds to trial, and if they are not, the class is decertified, the claims of the opt-in plaintiffs are
dismissed without prejudice, and the class representative may proceed on his or her own claims."
*Francis*, 2008 WL 2588851, at *1 (internal quotation marks and citation omitted); *see Myers,*

624 F.3d at 555 at n.10.

Plaintiff's motion implicates the first stage of the certification process. "To satisfy [his] burden at this first step and achieve 'conditional certification,' plaintiff[] must make only a 'modest factual showing that [he] and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law." *Amador v. Morgan Stanley & Co. LLC*, No. 11-CV-4326, 2013 WL 494020, at *2-3 (S.D.N.Y. Feb. 7, 2013) (quoting *Myers*, 624 F.3d at 555)). That is, "[t]he court must find some identifiable factual nexus which binds that named plaintiff[] and potential class members together as victims of particular illegal practices." *Jin Yun Zheng v. Good Fortune Supermarket Group*, No. 13-CV-60, 2013 WL 5132023, at *4 (E.D.N.Y. Sept. 12, 2013) (internal quotation marks and citations omitted). "Although the plaintiff's burden at this initial stage is not onerous, mere allegations in the complaint are not sufficient; some factual showing by affidavit or otherwise must be made." *Prizmic v. Armour, Inc.*, No. 05-CV-2503, 2006 WL 1662614, at *2 (E.D.N.Y. June 12, 2006) (internal quotation marks and citations omitted); *see also Jin Yun Zheng*, 2013 WL 5132023, at *4 ("Plaintiffs must make a factual showing; mere allegations in the complaint are not sufficient") (internal quotation marks and citations omitted). Thus, "[a] plaintiff must provide actual evidence of a factual nexus between his [or her] situation and those [he or she] claims are similarly situated rather than mere conclusory allegations," *Prizmic*, 2006 WL 1662614, at *2 (citations omitted), and "may satisfy this requirement by relying on [his or her] own pleadings, affidavits, declarations or the affidavits and declarations of other potential class members," *Hallissey v. Am. Online, Inc.*, No. 99 Civ. 3785 (KTD), 2008 WL 465112, at *1 (S.D.N.Y. Feb. 19, 2008). At the conditional certification stage, "the court does not resolve factual disputes, decide substantive issues going to the ultimate merits or make credibility determinations." *Amador*, 2013 WL 494020, at *2-3. With these

5

standards in mind, the Court considers Plaintiff's motion.

## II.     The Law Regarding Tipped Employees

Under the FLSA, "an employer may credit tips toward an employee's earnings for purposes of complying with federal minimum wage requirements, provided that 'all tips received by such employee have been retained by the employee.'" *Barenboim v. Starbucks Corp.*, 698 F.3d 104, 110 n.1 (2d Cir. 2012) (quoting 29 U.S.C. § 203(m)).  However, "an employer may not avail itself of the tip credit if it requires tipped employees to share their tips with employees who do not 'customarily and regularly receive tips.'" *Shahriar v. Smith & Wollensky Rest. Group, Inc.*, 659 F.3d 234, 240 (2d Cir. 2011) (quoting 29 U.S.C. § 203(m)).  Thus, an employer cannot take a tip credit if it "requires tipped employees to share tips with (1) employees who do not provide direct customer service or (2) managers." *Id.*  New York law similarly prohibits employers from requiring tipped employees to share tips with non-service employees or managers.  *See* N.Y. Labor Law § 196–d.

In addition, where deductions for breakage "reduce the employee's wages below the minimum wage, such deductions are illegal."  U.S. Department of Labor Wage and Hour Division, Fact Sheet #15, http://www.dol.gov/whd/regs/compliance/whdfs15.pdf.; *see also* 12 NYCRR § 142-2.10 (noting that deductions for breakage are prohibited).

## III.    Analysis of Plaintiff's Motion for Conditional Certification

### A.     Defendants' Declarations

In opposition to Plaintiff's motion for conditional certification, defendants ask the Court to weigh various declarations submitted by Il Mulino employees around the country as well as by Brian Galligan, an owner in Il Mulino USA, LLC, which has ownership interests in several entities that operate restaurants under the Il Mulino trademark.  In these declarations, declarants

essentially state that they are unaware of any nationwide policies regarding manager participation

in tip pools or deductions for breakage.

The Court declines to consider defendants' declarations, whose authors have not been

deposed, as they do not bear on whether Plaintiff has made the "modest factual showing" that he

is required to make at this stage of the litigation.  Indeed, at this first procedural step, "a court

should not weigh the merits of the underlying claims in determining whether potential opt-in

plaintiffs may be similarly situated."  *See Amador*, 2013 WL 494020, at *3.  Thus, courts in this

Circuit have found that competing declarations should not be considered at this juncture.  *See id.*

at *8 ("[S]tatements gathered by an employer from its current employees are of limited

evidentiary value in the FLSA context because of the potential for coercion.  In any event,

Plaintiffs have not had an opportunity to depose these declarants, and courts in this Circuit

regularly conclude that such declarations do not undermine the plaintiffs' showing in the first

stage of the conditional certification process.") (citation and internal quotation marks omitted);

*Hernandez v. Merrill Lynch & Co.*, No. 11 Civ. 8472, 2012 WL 1193836, at *5 (S.D.N.Y. Apr.

6, 2012) ("[W]eighing the affidavits submitted by employees on both sides of the action – i.e.,

affidavits from the named plaintiffs as well as affidavits from employees submitted on

defendants' behalf – would require the Court to determine the facts, determine the credibility of

the affiants, and resolve legal contentions, all of which the conditional certification and potential

later decertification process is structure[d] so as to avoid.") (citation and internal quotation marks

and omitted).  Accordingly, defendants' declarations will not be considered in deciding

Plaintiff's motion.

### B.     Plaintiff's Evidence

Plaintiff argues that notice to all employees of Il Mulino restaurants is appropriate

because all of the Il Mulino restaurants share common control, ownership and administration, and there is sufficient evidence to support an inference of a company-wide policy. The Court disagrees. In support of his motion, plaintiff relies on: (1) a single declaration – the declaration of Plaintiff – who worked as a busboy at Il Mulino at its Roslyn location; (2) the first amended complaint; (3) "documents filed in numerous court proceedings in the Federal Courts," Pl.'s Mem. at 15; and (4) "other documents submitted in support of this motion," *id.*

With regard to Plaintiff's declaration, Plaintiff claims that the manager at the Roslyn location improperly shared in the tip pool and deducted for breakage. Becerra Decl. ¶¶ 11, 15-20. He also claims that Brian Galligan, the alleged owner of the Roslyn restaurant and the "Il Mulino restaurant group," had access to the tip sheets showing that the manager was sharing in the tips and was in the restaurant when the sign notifying employees about deductions for breakage was in place. *Id.* ¶¶ 5, 14, 17. Lastly, he states that it is his "understanding from conversations with co-workers that the New York City lawsuit against Il Mulino started because of Il Mulino's policy of deducting breakage from wages." *Id.* ¶ 18. Plaintiff's declaration – which does not contain *any* supported claims about what may or may not have happened at other Il Mulino restaurants – is not probative of a nationwide common policy of unlawful tip pooling or breakage deductions. *See Myers*, 624 F.3d at 554 (noting that although there is a low standard of proof for the first step of collective action certification, "[t]he modest factual showing cannot be satisfied simply by unsupported assertions") (citation and internal quotation marks omitted). Plaintiff has no actual knowledge of any of the policies or practices at any location other than Roslyn, and he has not submitted any declarations from any other employees at any location. While "[c]ourts in this Circuit have commonly authorized the sending of collective action notices where plaintiff includes some probative information regarding similarly situated employees such

8

as their names, their duties and their hours worked or where plaintiff provides affidavits from such employees setting forth the pertinent facts . . . where plaintiffs fail to provide specific factual allegations, courts routinely deny leave to send a collective action notice." *Gu v. T.C. Chikurin, Inc.*, No. CV 2013-2322, 2014 WL 1515877, at * 4 (E.D.N.Y. Apr. 17, 2014); *see also Zheng*, 2013 WL 5132023, at *5 (denying motion for conditional certification where plaintiff neither identified allegedly similar employees nor explained the basis for her observations); *Vasquez v. Vitamin Shoppe Indus. Inc.*, No. 10 Civ. 8820, 2011 WL 2693712, at *3 (S.D.N.Y. July 11, 2011) ("As Plaintiff proposes a nationwide class, he bears the burden of showing a nationwide policy or plan . . . . Plaintiff has not met his burden. His submission, which is based entirely on his personal experience, is devoid of any evidence from which this Court could infer that all [employees], across 40 states, are misclassified.").

Similarly, the first amended complaint, which contains general collective action allegations, is also devoid of any specific allegations regarding alleged unlawful policies at any Il Mulino location other than Roslyn. To the extent Plaintiff's declaration and the first amended complaint allege common ownership and administration of all Il Mulino restaurants, as Plaintiff himself concedes, that fact alone is insufficient to support nationwide certification. *See Santana v. Fishlegs, LLC*, No. 13 Civ. 01628, 2013 WL 5951438, at *5 (S.D.N.Y. Nov. 7, 2013) ("Although the proffered exhibits tend to show common ownership among and integrated functions across all seven restaurants, they do not by themselves suggest any misconduct.").

Lastly, Plaintiff relies on two other lawsuits challenging Il Mulino's alleged wage violations: (1) a case filed in 2011 in the Southern District of New York by a group of ten employees against Il Mulino's Greenwich Village location; and (2) a case filed in 2012 in the District of New Jersey by a group of three employees against Il Mulino's Atlantic City location.

In the New York lawsuit, the plaintiffs alleged, *inter alia*, in an unverified complaint, that the manager improperly took a percentage from the tip pool and made unlawful deductions from employees' wages to cover breakage.  Decl. of Steven John Moser, dated Oct. 10, 2014, Ex. 3. In the New Jersey action, the plaintiffs alleged, *inter alia*, in an unverified complaint, that "back of the house" employees improperly received part of a mandatory gratuity for booked parties and that the manager on duty improperly received part of the tip pool from credit card tips  *Id.* Ex. 4. The New Jersey lawsuit contained no allegations as to a breakage policy.

As noted above, "mere allegations in the complaint" are insufficient to satisfy a plaintiff's burden at the fist stage of certification.  *See, e.g.*, *Prizmic*, 2006 WL 1662614, at *2.  Instead, plaintiffs must provide "'actual evidence of a factual nexus between [their] situation and [the persons] [t]he[y] claim[] are similarly situated.'"  *Guillen v. Marshalls of MA, Inc.*, 841 F. Supp. 2d 797, 801 (E.D.N.Y. Jan. 13, 2002) (quoting *Prizmic*, 2006 WL 1662614, at *2), *report and recommendation adopted by*, 2012 WL 2588771 (E.D.N.Y. July 2, 2012).  Plaintiff has not cited, and the Court is unaware, of any case law basing certification of an FLSA collective action on unverified complaints filed in other lawsuits.  Thus, the Court finds that the complaints in these two lawsuits – even when taken together with the instant amended complaint and Plaintiff's declaration – are insufficient to support the plaintiff's modest burden that potential opt-in plaintiffs nationwide were victims of a common policy or plan that violated the law.  Moreover, to the extent Plaintiff relies on unidentified "documents filed in numerous court proceedings in the Federal Courts," Plaintiff's argument must be rejected.  It is not the Court's job to sift through documents filed in other lawsuits searching for evidence of similarly situated plaintiffs.

In sum, although Plaintiff's burden at this stage of the proceedings is modest, the Court cannot justify certifying a class of plaintiffs, likely numbering in the hundreds, on the basis of

such thin factual support.  Accordingly, Plaintiff's motion for conditional certification of a nationwide class of all current and former Il Mulino tipped employees is denied.

## IV.     The Remainder of Plaintiff's Motion is Denied

Because the Court has denied Plaintiff's motion for conditional certification, his related request for court-facilitated notice is denied as moot.  In addition, Plaintiff's application for the disclosure of the names, addresses, telephone numbers and dates of birth of prospective opt-in plaintiffs is denied.  Upon certification of a collective action under the FLSA, "it is appropriate for a district court to permit the discovery of the names and addresses of employees." *Charles v. Nationwide Mut. Ins. Co., Inc.*, No. 09 CV 94, 2010 WL 7132173, at *3 (E.D.N.Y. May 27, 2010) (citation and internal quotation marks omitted).  However, where a party has failed to demonstrate that conditional certification is appropriate, such discovery is unwarranted.  *See id.* at *6-7.

Dated:  Central Islip, New York
         April 29, 2015

                              _____/s/_____
                              ARLENE R. LINDSAY
                              United States Magistrate Judge