UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUAN BECERRA, individually and on behalf of all other similarly situated<br><br>*Plaintiffs*,<br><br>-against-<br><br>IM LLC-I, IL MULINO USA, LLC, IM LONG ISLAND RESTAURANT GROUP, LLC, IMNY FLORIDA, LLC, IMNY CHICAGO, LLC, IMNY ASPEN, LLC, IMNYLV, LLC, IMNY SOUTH BEACH, LLC, IMNY PUERTO RICO, LLC, JOHN DOE CORPORATIONS #1-7, BRIAN GALLIGAN and GALLIGAN HOSPITALITY GROUP, INC.<br><br>*Defendants*. | Case No.: 14-cv-02671-ADS-ARL<br><br>ECF CASE<br><br>**<u>DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO TOLL THE STATUTE OF LIMITATIONS AS TO MEMBERS OF THE FLSA COLLECTIVE</u>** |

# **TABLE OF CONTENTS**

I.   PRELIMINARY STATEMENT..........................................................................................1

II.  PROCEDURAL HISTORY AND STATEMENT OF FACTS.............................................2

III.  LEGAL ARGUMENT........................................................................................................3

    A.  There Are No Rare And Exceptional Circumstances Justifying Equitable Tolling..........3

    B.  Plaintiff's Motion Is Premature And His Counsel Lacks Standing ..................................5

IV.  CONCLUSION..................................................................................................................7

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Aetna Life Insurance Co. v. Haworth*,
  300 U.S. 227, 81 L. Ed. 617, 57 S. Ct. 461 (1937) ................................................................. 6

*Callari v. Blackman Plumbing Supply, Inc.*,
  988 F. Supp. 2d 261 (E.D.N.Y. 2013) ................................................................................ 3, 5

*Garrison v. Conagra Foods Packaged Food, LLC*,
  2013 U.S. Dist. LEXIS 43405 (E.D. Ark. Mar. 27, 2013) .................................................. 3, 4

*Iavorski v. United States I.N.S.*,
  232 F.3d 124 (2d Cir. 2000) .................................................................................................. 5

*LaFleur v. Dollar Tree Stores, Inc.*,
  Civil Action No. 2:12-cv-00363, 2012 U.S. Dist. LEXIS 143514, (E.D. Va.
  Oct. 02, 2012) ........................................................................................................................ 4

*Longcrier v. HL-A Co., Inc.*,
  595 F.Supp.2d 1218 (S.D. Ala. 2008) ................................................................................... 4

*McGlone v. Contract Callers, Inc.*,
  867 F. Supp. 2d 438 (S.D.N.Y. 2012) .................................................................................... 3

*Muhammad v. GBJ, Inc.*,
  No. H-10-2816, 2011 U.S. Dist. LEXIS 23589, (S.D. Tex. Mar. 9, 2011) ............................ 4

*Princeton University v. Schmid*,
  455 U.S. 100, 70 L. Ed. 2d 855, 102 S. Ct. 867 (1982) ......................................................... 6

*Sanchez v. El Rancho Sports Bar Corp.*,
  2014 U.S. Dist. LEXIS 66234 (S.D.N.Y. May 13, 2014) ....................................................... 3

*Sierra Club v. Morton*,
  405 U.S. 727, 31 L. Ed. 2d 636, 92 S. Ct. 1361 (1972) ......................................................... 6

*Thompson v. World Alliance Fin. Corp.*,
  No. 08 Civ. 4951 (AKT), 2010 U.S. Dist. LEXIS 85912, (E.D.N.Y. Aug. 20,
  2010) ...................................................................................................................................... 6

*Tidd v. Adecco USA, Inc.*,
  No. 07-11214-GAO, 2008 U.S. Dist. LEXIS 69825, (D. Mass. Sept. 17, 2008) ................... 4

*Titchenell v. Apria Healthcare Inc.*,
  Civil Action No. 11-563, 2012 U.S. Dist. LEXIS 122759, (E.D. Pa. Aug. 29,
  2012) ........................................................................................................................4

*United States v. Cook*,
  795 F.2d 987 (Fed. Cir. 1986) ..............................................................................5, 6

*Whitehorn v. Wolfgang's Steakhouse, Inc.*,
  767 F. Supp. 2d 445 (S.D.N.Y. 2011) ..................................................................5, 6

*Zerilli-Edelglass v. N.Y. City Transit Auth.*,
  333 F.3d 74 (2d Cir. 2003) .......................................................................................3

**Statutes**

29 U.S.C. § 256(b) ............................................................................................................3

Fair Labor Standards Act .......................................................................................... *passim*

## I.  PRELIMINARY STATEMENT

With no factual or legal justification, Plaintiff is improperly asking this Court to toll a statute of limitations with respect to unknown individuals who are not a party to this action. Under well-established precedent, the statute of limitations with respect to an opt-in plaintiff under the Fair Labor Standards Act ("FLSA") continues to run until an opt-in notice is submitted, and the Second Circuit has held that equitable tolling is only appropriate in rare and exceptional circumstances. There is nothing rare or exceptional about this case. After Defendants offered to discuss voluntary conditional certification of a Fair Labor Standards Act ("FLSA") collective consisting of similarly-situated employees at the Roslyn, NY restaurant at which Plaintiff works, Plaintiff rejected the offer and instead filed an overreaching motion for certification of a nation-wide collective, which was properly denied by Magistrate Judge Lindsay. Plaintiff has filed objections to the Magistrate's Order, which Defendants have opposed. There is nothing rare or exceptional about this process, and therefore the statute of limitations should not be tolled with respect to anyone. In addition, any delay with respect to a collective consisting of similarly-situated employees at the Roslyn restaurant is Plaintiff's own fault, and therefore equitable tolling is not appropriate in this case.

Moreover, Plaintiff is essentially filing a motion on behalf of potential plaintiffs who are not part of this case. He lacks standing to do so, as he does not represent anyone other than the Plaintiff at this time. Further, the motion for equitable tolling is premature, as no FLSA collective has been certified. Even if an FLSA collective is certified in the future, it remains to be seen if there will be any opt-in plaintiffs and, if there are, whether or not they need (or are eligible for) equitable tolling. Therefore, if this Court does not outright deny Plaintiff's motion

for lack of merit – which Defendants urge the Court to do – this Court should dismiss the motion for lack of standing.

## II. PROCEDURAL HISTORY AND STATEMENT OF FACTS

On April 29, 2014, Juan Becerra filed a Complaint, which he amended on June 4, 2014. Becerra is the only named Plaintiff, and no one else has joined the lawsuit to date. The crux of Plaintiff's claims are (i) a manager allegedly participated in the tip pool at the Roslyn, NY Il Mulino, and (ii) unlawful deductions were allegedly made from his pay due to breakage.

On September 19, 2014, Plaintiff moved for conditional certification ("Plaintiff's Motion for Conditional Certification") of all current and former tipped employees of all Il Mulino restaurants in the United States – a nationwide class potentially numbering in the hundreds. Prior to the filing of that motion, Defendants offered to send FLSA collective action notices to tipped employees at the Roslyn restaurant (see Defendants' Opposition To Plaintiff's Motion for Conditional Certification at 15), which such offer was not accepted by Plaintiff. On April 29, 2015, Magistrate Judge Lindsay issued an Order denying Plaintiff's Motion for Conditional Certification of a nationwide class of tipped employees at Il Mulino. On May 13, 2015, Plaintiff filed a motion to set aside Magistrate Judge Lindsay's Order, and on May 27, 2015, Defendants submitted an opposition to such motion.

This motion to stay the statute of limitations as to opt-in plaintiffs (of which there are none at this time – there is not even a certified conditional class), and Plaintiff's Memorandum of Law in Support of Motion to Toll the Statute of Limitations as to Members of the FLSA Collective ("Plaintiff's Memo"), was filed on May 18, 2015.

### III.     LEGAL ARGUMENT

A.   <u>There Are No Rare And Exceptional Circumstances Justifying Equitable Tolling</u>

The basic, well-settled rule, which is not challenged by Plaintiff (see Plaintiff's Memo at 6-7), is that the FLSA statute of limitations runs until an opt-in plaintiff files a written consent to join the lawsuit.  *Callari v. Blackman Plumbing Supply, Inc.*, 988 F. Supp. 2d 261, 278 (E.D.N.Y. 2013); s*ee* also *Sanchez v. El Rancho Sports Bar Corp.*, 2014 U.S. Dist. LEXIS 66234, at *16 (S.D.N.Y. May 13, 2014) (citing *McGlone v. Contract Callers, Inc*., 867 F. Supp. 2d 438, 445 (S.D.N.Y. 2012) (citing 29 U.S.C. § 256(b)).  Plaintiff now seeks an exception to the general rule in the form of equitable tolling because of the routine passage of time between his filing of a motion for conditional certification and the Court's ruling on the motion.  "The Second Circuit has held, however, that 'equitable tolling is only appropriate in [ ] rare and exceptional circumstance[s] in which a party is prevented in some extraordinary way from exercising his rights.'" *Sanchez*, 2014 U.S. Dist. LEXIS 66234, at *16-17 (citing *Zerilli-Edelglass v. N.Y. City Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) (alterations in original). Plaintiff claims the routine passage of time required for the Court to rule on a motion is a "rare and exceptional" circumstance, but he provides no basis for this assertion.

At best, Plaintiff points to District Court cases across the country that "routinely grant equitable tolling in the FLSA context."  See Plaintiff's Memo at 7.  But it is the "routine" nature of these lower court cases that are squarely rebutted by the Second Circuit – there is nothing "rare or exceptional" about them, and therefore equitable tolling is not appropriate.  Indeed, District Courts that have actually examined the issues (as opposed to the cases cited by Plaintiff that grant equitable tolling without examining the standards for doing so) have noted that "in the average [FLSA] case in which the delay is attributable to the normal litigation process, courts

3

have held that equitable tolling is not appropriate." *Garrison v. Conagra Foods Packaged Food, LLC*, 2013 U.S. Dist. LEXIS 43405, at *15-17 (E.D. Ark. Mar. 27, 2013) (citing *Titchenell v. Apria Healthcare Inc.*, Civil Action No. 11-563, 2012 U.S. Dist. LEXIS 122759, 2012 WL 3731341, *7 (E.D. Pa. Aug. 29, 2012)). Thus, "there is nothing extraordinary about a motion for conditional certification and the delay in notice while that motion is pending and '[t]o hold otherwise would be to opine that equitable tolling should be granted in every § 216(b) case as a matter of course during the pendency of a conditional class certification request, thereby transforming this extraordinary remedy into a routine, automatic one.'" Id. (quoting *Longcrier v. HL-A Co., Inc.*, 595 F.Supp.2d 1218, 1244 (S.D. Ala. 2008) and citing *Muhammad v. GBJ, Inc.*, No. H-10-2816, 2011 U.S. Dist. LEXIS 23589, 2011 WL 863785, *2 (S.D. Tex. Mar. 9, 2011) (declining to apply equitable tolling due to "the need for limited discovery to determine whether certification is appropriate" because such a need "is present in many FLSA actions")). See also *Tidd v. Adecco USA, Inc.*, No. 07-11214-GAO, 2008 U.S. Dist. LEXIS 69825, 2008 WL 4286512, *5 (D. Mass. Sept. 17, 2008) ("[T]he circumstances of this case are not substantially different from other FLSA cases, and acceptance of the plaintiffs' argument would essentially mean that equitable tolling should occur in every FLSA collective action, changing the principle of equitable tolling from the exception to the norm."); *LaFleur v. Dollar Tree Stores, Inc.*, Civil Action No. 2:12-cv-00363, 2012 U.S. Dist. LEXIS 143514, 2012 WL 4739534, *7 (E.D. Va. Oct. 02, 2012) ("In light of the statutory intent of Congress in its drafting of the FLSA's statute of limitations and the failure of Plaintiffs to make a sufficient showing of extraordinary circumstances, misconduct by the Defendant or defective filings, the Court finds that equitable tolling is not warranted..."). Accordingly, equitable tolling based solely on time elapsed as part

of the normal litigation process does not constitute a "rare and exceptional circumstance" warranting equitable tolling.

Your Honor's own precedent belies any argument that the mere passage of time between the filing of a motion for conditional certification and the ruling on such motion justifies equitable tolling. Your Honor has held that "the court may apply equitable tolling 'as a matter of fairness where a [party] has been prevented in some extraordinary way from exercising his rights.'" *Callari*, 988 F. Supp. 2d at 278 (citing *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 449 (S.D.N.Y. 2011) (quoting *Iavorski v. United States I.N.S.*, 232 F.3d 124, 129 (2d Cir. 2000)). Any potential opt-in plaintiffs have in no way been prevented in some extraordinary way from exercising their rights – any current or former employee of any of the Defendants has always had the ability to bring a lawsuit against any of the Defendants should they have chosen to do so. Moreover, given that Defendants offered to send collective notices to tipped employees at the Roslyn restaurant, any delay in their receiving notice of this lawsuit (which is still not grounds for equitable tolling) was caused by the Plaintiff, refuting Plaintiff's conclusory and unsupported allegation of "prejudice" and rendering equitable tolling inapplicable here.

### B. Plaintiff's Motion Is Premature And His Counsel Lacks Standing

Although Defendants respectfully request that this Court deny the motion for equitable tolling with prejudice because the doctrine is not applicable here to toll the FLSA statute of limitations with respect to potential opt-in plaintiffs (should a collective be certified), in the alternative, this Court should deny Plaintiff's motion because it is premature and Plaintiff's counsel lacks standing to bring a motion on behalf of individuals not party to this action. At least one Court of Appeals has previously vacated a district court's order for FLSA equitably

5

tolling because it "affected no right of any party to the suit." *United States v. Cook*, 795 F.2d 987, 994 (Fed. Cir. 1986). As the Cook court held, pursuant to Article III, Section 2, Clause 1 of the U.S. Constitution, a federal court is without power to give advisory opinions, because such opinions cannot affect the rights of the litigants in the case before it. Id. *See also Sierra Club v. Morton*, 405 U.S. 727, 731-34, 31 L. Ed. 2d 636, 92 S. Ct. 1361 (1972); *Aetna Life Insurance Co. v. Haworth*, 300 U.S. 227, 239-41, 81 L. Ed. 617, 57 S. Ct. 461 (1937). Courts do not "sit to decide hypothetical issues or to give advisory opinions about issues as to which there are not adverse parties before [them]." *Princeton University v. Schmid*, 455 U.S. 100, 102, 70 L. Ed. 2d 855, 102 S. Ct. 867 (1982). Because Plaintiff asks this Court to decide a motion that only affects individuals not party to the case, Plaintiff lacks standing and the Court should decline the motion.

Moreover, Plaintiffs' request is premature at this stage. Even assuming that the routine passage of time is sufficient to justify equitable tolling in this action – which, because there is nothing rare and exceptional about this situation, it is not – it is not yet clear whether or not any potential plaintiffs will be barred from this action due to a delay in notice. If the Court permits an FLSA notice to be sent to an FLSA collective, "the determination as to the timeliness of each future plaintiff's action is better reserved for a future proceeding." *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 449-450 (S.D.N.Y. 2011) (citing *Thompson v. World Alliance Fin. Corp.*, No. 08 Civ. 4951 (AKT), 2010 U.S. Dist. LEXIS 85912, 2010 WL 3394188, at *7 (E.D.N.Y. Aug. 20, 2010) (permitting plaintiffs to notify potential members employed within three years of filing complaint, but declining to rule on equitable tolling until later date)). Although a motion for equitable tolling in the future will be as meritless as this one is, if the Court declines to deny the motion for lack of merit, the motion should be denied as premature.

## IV. CONCLUSION

As demonstrated above, Plaintiff has failed to show that equitable tolling is appropriate in this case, and Defendants respectfully request that the Court deny the motion and confirm that the statute of limitations continues to run with respect to any individuals who have not yet opted-in to this lawsuit.

Dated: New York, New York
June 1, 2015

                          Respectfully submitted,

                          DAVIS & GILBERT LLP

                          By: ____/s/ Gregg Brochin

                          Gregg Brochin (gbrochin@dglaw.com)

                          1740 Broadway

                          New York, New York 10019

                          *Attorneys for Defendants*