UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JUAN BECERRA, individually and on behalf of
all others similarly situated,

                Plaintiff,                   **MEMORANDUM OF
DECISION & ORDER**

        -against-                   14-cv-2671 (ADS) (ARL)

IM LLC-I, IL MULINO USA, LLC, IM LONG
ISLAND RESTAURANT GROUP, LLC, IMNY
FLORIDA, LLC, IMNY CHICAGO, LLC,
IMNY ASPEN, LLC, IMNYLV, LLC, IMNY
SOUTH BEACH, LLC, IMNY PUERTO RICO,
LLC, JOHN DOE CORPORATIONS #1-7,
BRIAN GALLIGAN and GALLIGAN
HOSPITALITY GROUP, INC.,
                      Defendants.
----------------------------------------------------------X

**APPEARANCES:**

**Steven John Moser, P.C.**
*Attorney for the Plaintiff*
3 School Street, Suite 207B
Glen Cove, NY 11542
        By: Steven J. Moser, Esq., Of Counsel

**Davis & Gilbert LLP**
*Attorneys for the Defendants*
1740 Broadway
New York, NY 10019
        By: Gregg Lowell Brochin, Esq., Of Counsel

**SPATT, District Judge**.

       This case arises from allegations by the Plaintiff Juan Becerra (the "Plaintiff") that the Defendants IM LLC-I and Il Mulino USA, LLC, who own and operate twelve Italian restaurants across the United States, instituted common policies at those restaurants which denied the busboys regular and overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the New York Labor Law § 650 *et seq.* ("NYLL").

1

Presently before the Court is the Plaintiff's motion pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(a) to set aside an April 29, 2015 Order denying the Plaintiff's motion to conditionally certify a collective action pursuant to FLSA § 216(b). In addition, the Plaintiff separately moves for leave to renew his motion for conditional certification following discovery and to toll the statute of limitations as to all putative opt-in members "from September 19, 2014 until such time as the Court reaches a decision on the renewed motion for conditional certification."

For the reasons set forth below, the Plaintiff's motions are denied. However, the Court grants the Plaintiff the opportunity to renew his motion for conditional certification after further discovery.

## I. BACKGROUND

From March 2011 to March 2013, the Plaintiff Juan Becerra (the "Plaintiff") was employed as a busboy at an Il Mulino restaurant located in Roslyn, New York.

On April 29, 2014, the Plaintiff commenced this action, on behalf of himself and others similarly situated, against the Defendants IM LLC-I, Il Mulino USA, LLC, IM Long Island Restaurant Group, LLC, IM Aspen, LLC, IMNY Florida, LLC, IMNY Chicago, LLC, IMNYLV, LLC, IMNY South Beach, LLC, IMNY Puerto Rico, LLC, Brian Galligan, Galligan Hospitality Group, Inc., and John Doe Corporations #1-7 (collectively, the "Defendants").

On June 4, 2014, the Plaintiff timely filed an amended complaint.

The amended complaint alleges that Il Mulino USA, LLC and IM LLC-I instituted two policies in its twelve restaurants which violated the FLSA and the NYLL, namely: (i) an unlawful tip sharing policy which allowed managers to share in the tip pool; and (2) an unlawful

2

breakage policy which deducted money from employees' pay checks if they broke glasses or kitchen-ware in the course of their employment.

On the basis of these two alleged policies, the complaint sought to certify a collective action pursuant to FLSA § 216(b) consisting of "current and former employees of Il Mulino who have been employed as waiters and busboys at all of the Il Mulino restaurants at any time during the three year[s] prior to the filing of this Complaint[.]"

On July 11, 2014, the Defendants filed an answer to the amended complaint.

On September 19, 2014, the Plaintiff filed a letter motion to conditionally certify a collective action pursuant to 29 U.S.C. § 216(b).

On September 23, 2014, the Court issued an order referring the Plaintiff's motion to United States Magistrate Judge Arlene R. Lindsay for a decision and directed the Plaintiff to re-file his letter motion as a formal motion in compliance with the Local Rules and this Court's Individual Rules.

On October 10, 2014, the Plaintiff refiled his motion to conditionally certify a collective action. The Plaintiff argued that conditional certification of a nationwide collective action was appropriate because "all of the [twelve] Il Mulino Restaurants share common control, ownership, and administration, and there is sufficient evidence to support an inference of a company-wide policy." (See the Pl.'s Mem. of Law, Dkt. No. 17, at 13–14.)

In support, the Plaintiff provided his own declaration which stated that during the two years he was employed at Il Mulino's Roslyn location, Alis Omeragic, the manager at that location, and Adis Omeragic, the bartender, shared in the "tip pool." He also stated that Il Mulino "posted notices in a bread cutting area between the kitchen and dining area as well as in the kitchen that said that all employees would be charged $10 per broken glass and $10 per

3

plate." He further stated that Brian Galligan ("Galligan"), who owns and operates Galligan Hospitality Group, Inc., a company that implements the pay practices at the Il Mulino restaurants, came to the Roslyn location while the sign was in place and did not make any comments about it. In addition, the Plaintiff referenced to "conversations" with unidentified "co-workers" who had also worked at an Il Mulino restaurant in New York City. According to the amended complaint, the co-workers told the Plaintiff that the Defendants had implemented similar tipping policies, and they had initiated other lawsuits against the Defendants.

Finally, the Plaintiff offered unverified complaints filed in two lawsuits initiated in the Southern District of New York and the District of New Jersey by busboys at other Il Mulino locations alleging similar wage and hour violations. According to the Plaintiff, these lawsuits provided further evidence of the existence of an illegal policy regarding tipping and breakage deductions across all twelve Il Mulino locations.

The Defendants opposed conditional certification and in support, offered the declarations of Galligan and other employees denying the existence of a common policy in the twelve Il Mulino restaurants with regard to tip pools and deductions for breaking kitchenware.

On April 29, 2015, Judge Lindsay issued an Order denying the Plaintiff's motion for conditional certification of a collective action (the "April 29, 2015 Order"). Judge Lindsay found that the Plaintiff's declaration was "not probative of a nationwide common policy of unlawful tip pooling or breakage deductions" because the "Plaintiff has no actual knowledge of any of the policies or practices at any location other than Roslyn, and he has not submitted any declarations from any other employees at any location." (Id. at 8.) She further found that "[t]o the extent Plaintiff's declaration and the first amended complaint allege common ownership and

administration of all Il Mulino restaurants, as [the] Plaintiff himself concedes, that fact alone is insufficient to support nationwide certification." (Id. at 9.)

Judge Lindsay also found that that unverified complaints filed by Il Mulino employees of other restaurant locations were not probative of a nationwide policy because the "Plaintiff has not cited, and the Court is unaware, of any case law basing certification of an FLSA collective action on unverified complaints filed in other lawsuits." (Id. at 10.

Ultimately, Judge Lindsay "could not justify certifying a class of plaintiffs, likely numbering in the hundreds, on the basis of such thin factual support" and therefore, denied the Plaintiff's motion for conditional certification.

As noted, presently before the Court is a motion by the Plaintiff to set aside the April 29, 2015 Order. In addition, the Plaintiff moves separately under principles of equity to request that the Court retroactively toll the statute of limitations on the claims of potential class members from September 19, 2014, the date when the Plaintiff first moved for conditional certification, until the Plaintiff's motion is decided or after the parties engage in further discovery. He also requests that the Court grant him leave to renew his motion for conditional certification following the close of discovery.

The Court will now address both of the Plaintiff's motions.

## II. DISCUSSION

### A. As the Plaintiff's Rule 72 Motion

As noted, the Plaintiff seeks to set aside the April 29, 2015 Order by Judge Lindsay denying his motion for conditional certification.

Fed. R. Civ. P. 72(a) provides a district court with the authority to refer non-dispositive matters, such as motions for conditional certification, to magistrate judges for a decision. See

5

Haas v. Verizon New York, Inc., No. 13-CV-8130 (RA), 2015 WL 5785023, at *2 (S.D.N.Y. Sept. 30, 2015) ("Unlike class certification motions brought under Rule 23, motions for conditional certification of FLSA collective actions qualify as 'pretrial matter' subject to clear error review."); see also Summa v. Hofstra Univ., 715 F. Supp. 2d 378, 383 (E.D.N.Y. 2010) ("[A] magistrate judge has jurisdiction over a motion seeking conditional class certification because it is only a preliminary determination and is not dispositive.") (internal quotation marks, citations, and alterations omitted).

A party may file timely objections to a magistrate judge's order regarding a non-dispositive matter. See Fed. R. Civ. P. 72(a). However, the district court may only "modify or set aside a[] part of the order that is clearly erroneous or is contrary to law." Id.

This is a difficult standard to meet:

> Under the clearly erroneous standard, a magistrate judge's findings 'should not be rejected merely because the court would have decided the matter differently. Rather, the district court must affirm the decision of the magistrate judge unless the district court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'

Ahmed v. T.J. Maxx Corp., 103 F. Supp. 3d 343, 350 (E.D.N.Y. 2015) (Spatt, J) (quoting Pall Corp. v. Entegris, Inc., 655 F.Supp.2d 169, 172 (E.D.N.Y. 2008)); see also F.D.I.C. v. Providence Coll., 115 F.3d 136, 140 (2d Cir. 1997) (noting that a finding of fact is "clearly erroneous" only when a court is "left with the definite and firm conviction that a mistake has been committed.").

Similarly, "'[a]n order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure.'" Stevens v. HMSHost Corp., No. 10 CIV. 3571 (ILG) (VVP), 2012 WL 4801784, at *1 (E.D.N.Y. Oct. 10, 2012) (quoting MacNamara v. City of New York, 249 F.R.D. 70, 77 (S.D.N.Y. 2008)); see also Garcia v. Benjamin Grp. Enter. Inc., 800 F.

6

Supp. 2d 399, 403 (E.D.N.Y. 2011) ("[U]nder the 'contrary to law' standard of review, a district court may reverse a finding only if it finds that the magistrate 'fail[ed] to apply or misapplie[d] relevant statutes, case law or rules of procedure.'") (quoting Catskill Dev., LLC v. Park Place Entm't, 206 F.R.D. 78, 86 (S.D.N.Y. 2002)).

The Court finds each of the Plaintiff's six objections to the April 29, 2015 Order to be without merit.

First, the Plaintiff contends that Judge Lindsay "fail[ed] to apply the 'minimal burden of proof with regard to the motion." (The Pl.'s Mem. of Law at 4–5.) The Court disagrees.

The April 29, 2015 Order stated that "[t]o . . . achieve 'conditional certification,' plaintiff[] must make only a '<u>modest</u> factual showing that [he] and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law.'" (Id. at 5) (emphasis added) (quoting Amador v. Morgan Stanley & Co. LLC, No. 11-CV-4326, 2013 WL 494020, at *2-3 (S.D.N.Y. Feb. 7, 2013)). This language is taken directly from the Second Circuit's decision in Myers v. Hertz Corp., 624 F.3d 537 (2d Cir. 2010), which stated that a court may conditionally certify a collective action pursuant to FLSA § 216(b) where the plaintiff makes a "'<u>modest</u> factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" Id. at 555 (emphasis added). Thus, there is no question that Judge Lindsay applied the correct legal standard in deciding the Plaintiff's motion for conditional certification.

Second, the Plaintiff challenges the April 29, 2015 Order because he asserts that Judge Lindsay "disregarded the evidence of unified operation and common control of the Il Mulino Restaurants." (The Pl.'s Mem. of Law at 12.) According to the Plaintiff, the fact of unified

7

common ownership "alone is sufficient to raise an inference of common pay practices." (Id.) Again, the Court disagrees.

Judge Lindsay did not disregard the Plaintiff's evidence of "unified operation and common control of the Il Mulino Restaurants." To the contrary, the April 29, 2015 Order stated, "To the extent Plaintiff's declaration and the first amended complaint allege common ownership and administration of all Il Mulino restaurants, as Plaintiff himself concedes, that fact alone is insufficient to support nationwide certification." (The Apr. 29, 2015 Order at 9.)

This conclusion is well-supported by law in this Circuit. While evidence of common ownership is certainly relevant to the question of whether a plaintiff is similarly situated to employees at other locations, courts also require a "modest factual" showing from which it is reasonable to infer that the defendants implemented a common illegal wage policy. See, e.g., Santana v. Fishlegs, LLC, No. 13 CIV. 01628 LGS, 2013 WL 5951438, at *5 (S.D.N.Y. Nov. 7, 2013) ("Although the proffered exhibits tend to show common ownership among and integrated functions across all seven restaurants, they do not by themselves suggest any misconduct.") (emphasis added); Trinidad v. Pret A Manger (USA) Ltd., 962 F. Supp. 2d 545, 558 (S.D.N.Y. 2013) ("Although all Pret stores in New York City are owned by the same parent company, plaintiffs have not demonstrated across all locations a uniform policy of failure to pay overtime compensation."); Hamadou v. Hess Corp., 915 F. Supp. 2d 651, 662 (S.D.N.Y. 2013) ("With respect to both statewide certification and certification across a smaller territory, courts consider whether the plaintiffs have made an adequate factual showing to support an inference that such a uniform policy or practice exists, and whether the locations share common ownership or management.") (emphasis added).

Thus, far from being "clearly erroneous" or "contrary to the law," the Court finds that Judge Lindsay correctly concluded that, without more, the Plaintiff's allegations that the twelve Il Mulino restaurants were under common ownership is not sufficient to support conditional certification of a collective action.

Third, the Plaintiff takes issue with Judge Lindsay's conclusion that the "Plaintiff's declaration — which does not contain any supported claims about what may or may not have happened at other Il Mulino restaurants — is not probative of a nationwide common policy of unlawful tip pooling or breakage deductions."

In support, the Plaintiff cites the following statements in his declaration: (i) he stated that Galligan, who allegedly implemented payroll policies at all of the Il Mulino restaurants, on one occasion stopped by the kitchen in the Roslyn location where the Plaintiff worked, saw a sign indicating that all employees "would be charged $10 per broken class and $10 per plate," and "never made a comment about the sign"; and (ii) he stated, "Is [sic] my understanding from conversations with co-workers that the New York City lawsuit against Il Mulino started because of Il Mulino's policy of deducting breakage from wages." In addition, the Plaintiff points to the unverified complaints filed in two other lawsuits initiated by busboys at other Il Mulino locations in the Southern District of New York and the District of New Jersey alleging similar wage and hour violations.

The Court finds that the statements in the Plaintiff's declaration are conclusory and wholly speculative. Therefore, Judge Lindsay was correct in concluding that they were not probative of a common illegal wage policy in all twelve Il Mulino restaurants. See Myers, 624 F.3d at 555 (noting that the "modest factual showing" required for conditional certification "cannot be satisfied simply by 'unsupported assertions'").

9

Further, the Plaintiff has offered no legal authority supporting his proposition that a court can rely on allegations contained in unverified complaints in other lawsuits. Accordingly, the Court also finds no clear error in Judge Lindsay's finding that the complaints filed by employees in other actions were not probative for purposes of a motion for conditional certification in this action.

Fourth, the cases cited by the Plaintiff are not binding on this Court and are clearly distinguishable. For example, in Juarez v. 449 Rest., Inc., 29 F. Supp. 3d 363, 366 (S.D.N.Y. 2014), the court granted a motion for conditional certification of a collective action consisting of waiters at three different restaurants based on evidence of common ownership *and* a declaration from the plaintiff indicating that he had worked at all three diners. Thus, the plaintiff's assertions in Juarez about the policies at all three restaurants were supported by his own personal experience working at all three restaurants. Here, by contrast, the Plaintiff worked only at the Roslyn Il Mulino restaurant and provided no basis to believe he had knowledge of the wage policies at the eleven other Il Mulino restaurants.

Similarly, the plaintiffs in the other cases relied on by the Plaintiff submitted far more extensive evidence in support of their motions for conditional certification than he presented in this case. See, e.g., Karic v. Major Auto. Companies, Inc., 799 F. Supp. 2d 219, 224 (E.D.N.Y. 2011) ("In support of their motion, plaintiffs have submitted the declarations of eight of the named plaintiffs and opt-ins, Karic, Garcia, Jones, Stanic, Zivanovic, Colon, Dowers, and Morgan, each declaring that they worked for Major World during the Class Period, that they were paid a flat rate of $20.00 per shift plus commissions, and that all sales representatives were similarly paid for similar hours."); Capsolas v. Pasta Res., Inc., No. 10 CIV. 5595 (RJH), 2011 WL 1770827, at *3 (S.D.N.Y. May 9, 2011) ("Furthermore, many employees provided pre-

10

printed tip worksheets with a space for the deduction, indicating the policy was entrenched and not the actions of particular managers. All of these facts support a reasonable inference that there was a uniform policy across the eight restaurants, all of which share common ownership, are supervised by the same individuals, and are administered by the same company.")

Accordingly, the Court also rejects the Plaintiff's contention that the April 29, 2015 Order "fail[ed] to appropriately analyze and apply case law regarding the common control, ownership, and administration of the Il Mulino Restaurant."

Finally, the Plaintiff contends that Judge Lindsay erred by not granting "conditional certification of the tipped employees at the Roslyn location and she could have here." (The Pl.'s Mem. of Law at 14.) Again, the Court disagrees.

The Plaintiff never moved in the alternative to conditionally certify a collective action consisting of only employees at the Roslyn Il Mulino. Rather, he focused his moving papers solely on a potential collective action consisting of "all current and former tipped employees of IM Long Island Restaurant Group, LLC, IMNY Florida, LLC, IMNY Chicago, LLC, IMNY Aspen, LLC, IMNYLV, LLC, IMNY South Beach, LLC, IMNY Puerto Rico, LLC and John Doe Corporations #1-7 ('Il Mulino') who have been employed at any time since April 29, 2011." (See the Pl.'s Cert. Mem. of Law, Dkt. No. 17, at 6.)

Thus, the Plaintiff cannot now object on the basis of a legal theory which he did not raise in the first instance before Judge Lindsay. See Ebo v. New York Methodist Hosp., No. 12-CV-4432 (MKB) (RER), 2015 WL 4078550, at *5 (E.D.N.Y. July 6, 2015) ("However, although a party may object, it is '[a] fundamental principle of law . . . that arguments not raised below are forfeited on appeal.'") (quoting Smith v. Unger, No. 13–CV–5485, 2014 WL 7008949, at *3 (S.D.N.Y. Dec.12, 2014)); Arnold v. Storz, No. 00 CV 4485 (CBA), 2006 WL 2792749, at *2

11

(E.D.N.Y. Sept. 27, 2006) ("Since this argument was not before Magistrate Judge Lindsay, the Court need not consider it."); Robinson v. Keane, No. 92 CIV. 6090 (CSH), 1999 WL 459811, at *4 (S.D.N.Y.1999) ("An objecting party may not raise new arguments that were not made before the Magistrate Judge.").

Furthermore, the Court has not been able to locate — nor does the Plaintiff offer — any authority which holds that a court must *sua sponte* grant conditional certification of a smaller sub-class. Accordingly, the Court sees no error in the fact Judge Lindsay did not *sua sponte* consider conditionally certifying a sub-class of workers only at the Roslyn Il Mulino.

In sum, the Court finds that the Plaintiff's objections to the April 29, 2015 Order are without merit and therefore denies the Plaintiff's motion to set aside that decision.

## B. As to the Plaintiff's Motion For Equitable Tolling

Separately, the Plaintiff requests that "[i]f the Court finds that the Magistrate's Order is not erroneous, the Plaintiff['s] motion be denied without prejudice and thus with the possibility of renewing the motion after further discovery as to whether members of the collective [action], as defined, are similarly situated to the Plaintiff." (Id. at 7.) In addition, the Plaintiff requests that the Court toll the statute of limitations "until further discovery is conducted regarding whether employees at other Il Mulino restaurants are similarly situated." (Id. at 6.) The Court will address each request, in turn.

First, based on the remedial purpose of the FLSA and a court's broad power to authorize discovery in an FLSA action, courts have often denied motions for conditional certification without prejudice and granted plaintiffs leave to re-file their motions after they have had a chance to obtain discovery from other potential opt-in plaintiffs. See Mata v. Foodbridge LLC, No. 14 CIV. 8754 (ER), 2015 WL 3457293, at *4 (S.D.N.Y. June 1, 2015) (denying a plaintiff's

12

motion for conditional certification "without prejudice to its renewal upon a more developed factual record" in light of the "'remedial purpose of the FLSA' and the Court's broad power to authorize discovery in an FLSA action") (quoting Flores v. Osaka Health SPA, Inc., No. 05 CIV. 962 (VMK) (NF), 2006 WL 695675, at *6 (S.D.N.Y. Mar. 16, 2006)); Guan Ming Lin v. Benihana Nat'L Corp., 755 F. Supp. 2d 504, 513 (S.D.N.Y. 2010) ("Even where a plaintiff's motion to certify an FLSA collective action fails to assert facts sufficient to meet the § 216(b) threshold, courts in this district have often ordered the disclosure of contact information for potential opt-in plaintiffs so that discovery into the collective allegations could continue and the plaintiffs could renew their motion for certification at a later date."); Castro v. Spice Place, Inc., No. 07 CIV. 4657, 2009 WL 229952, at *4 (S.D.N.Y. Jan. 30, 2009) ("Based on the foregoing, plaintiffs' motions for certification of a collective action under the FLSA, leave to file a notice, and discovery of potential class members are denied with leave to renew."); D'Anna v. M/A-COM, Inc., 903 F. Supp. 889, 894 (D. Md. 1995) ("The denial of plaintiff's motion is without prejudice. The Court will allow broad discovery. Plaintiff is free to file a new motion to proceed with collective action following such discovery if plaintiff can establish that class treatment is warranted at that time."); 7B Fed. Prac. & Proc. Civ. § 1807 (3d ed.) ("If conditional certification is denied, the court may allow discovery to provide plaintiffs a second opportunity to obtain sufficient evidence of a collective to warrant conditional certification and the notice to opt in.").

Accordingly, in its discretion, the Court modifies the April 29, 2015 Order to make clear that the denial of the Plaintiff's motion for conditional certification is without prejudice and grants the Plaintiff leave to renew his motion for conditional certification following further discovery.

Second, the Plaintiff requests that the statute of limitations be tolled from September 19, 2014, when the Plaintiff first sought court-authorized notice, "until further discovery is conducted regarding whether collective action members are similarly situated." (The Pl.'s Mem. of Law, Dkt. No. 26, at p. 7–8.)

The FLSA provides for a two-year statute of limitations for general violations of the statute and a three-year statute of limitation for willful violations. See 29 U.S.C.A. § 255(a). "In a collective action suit such as this, the statute of limitations period continues to run with respect to each potential plaintiff's collective action claim until that plaintiff files the written consent form opting into the suit." Whitehorn v. Wolfgang's Steakhouse, Inc., 767 F. Supp. 2d 445, 449 (S.D.N.Y. 2011) (citing Lee v. ABC Carpet & Home, 236 F.R.D. 193, 198–99 (S.D.N.Y. 2006)); see also 29 U.S.C.A. § 256(b) ("[I]n the case of a collective or class action instituted under the Fair Labor Standards Act of 1938 . . . it shall be considered to be commenced in the case of any individual claimant — (a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or (b) if such written consent was not so filed or if his name did not so appear--on the subsequent date on which such written consent is filed in the court in which the action was commenced."); Yahraes v. Rest. Associates Events Corp., No. 10-CV-935 SLT, 2011 WL 844963, at *1 (E.D.N.Y. Mar. 8, 2011) ("[T]he limitations periods in a FLSA action continues to run until an individual affirmatively opts into the action. Moreover, '[s]igned consents do not relate back to the original filing date of the complaint.'") (quoting Lee v. ABC Carpet & Home, 236 F.R.D. 193, 199 (S.D.N.Y. 2006)).

Nevertheless, courts have discretion to equitably toll the application of the statute of limitations "in rare and exceptional circumstances . . . in which a party is prevented in some

14

extraordinary way from exercising his rights." Zerilli-Edelglass v. New York City Transit Auth., 333 F.3d 74, 80 (2d Cir. 2003) (internal quotation marks, alterations, and citations omitted). In that regard, "[w]hen determining whether equitable tolling is applicable, a district court must consider whether the person seeking application of the equitable tolling doctrine (1) has 'acted with reasonable diligence during the time period she seeks to have tolled,' and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." Id. (quoting Chapman v. ChoiceCare Long Island Term Disability Plan, 288 F.3d 506, 512 (2d Cir. 2002)).

Here, the Plaintiff asserts that the Court should toll the application of the statute of limitations because "[n]o scheduling order providing for discovery has been issued pursuant to Fed. R. Civ. P. 16(b)" and as a result, he "has been frustrated in his attempts to send notice any sooner to potential 216(b) opt-in Plaintiffs." (The Pls.' Mem. of Law, Dkt. No. 26, at 7–8.)

For their part, the Defendants assert that (i) the doctrine of equitable tolling is not applicable to this case because delays resulting from the normal litigation process do not constitute the kind of "extraordinary circumstances" which justify staying the statute of limitations; (ii) the "Plaintiff's motion . . . is premature"; and (iii) "[the] Plaintiff's counsel lacks standing to bring a motion on behalf of individuals not party to this action." (The Defs.' Opp'n Mem. of Law, Dkt. No. 28, at 5–6.)

The Court agrees that the Plaintiff's motion is premature and therefore, need not reach the questions of whether equitable tolling is applicable to this case or whether the Plaintiff's counsel has standing to raise such a claim.

The Plaintiff is correct that "[s]ome courts have held that the period of pendency of a motion for collective action certification can serve as an 'extraordinary circumstance' justifying application of the equitable tolling doctrine." Mendoza v. Ashiya Sushi 5, Inc., No. 12 CIV.

8629 KPF, 2013 WL 5211839, at *10 (S.D.N.Y. Sept. 16, 2013) (quoting Yahraes v. Rest. Assoc. Events Corp., No. 10 Civ. 935(SLT)(SMG), 2011 WL 844963, at *2 (E.D.N.Y. Mar. 8, 2011)); see also Israel Antonio-Morales v. Bimbo's Best Produce, Inc., No. CIV.A.8:5105, 2009 WL 1591172, at *1 (E.D. La. Apr. 20, 2009) ("Courts routinely grant equitable tolling in the FLSA collective action context to avoid prejudice to actual or potential opt-in plaintiffs that can arise from the unique procedural posture of collective actions under 29 U.S.C. § 216(b).").

However, in such cases, the courts ultimately granted the plaintiffs' motions for conditional certification and thus, according to those courts, it would have been unfair to run the statute of limitations on the claims of potential class members because they had not yet received notice of the suit. See Abadeer v. Tyson Foods, Inc., No. 3:09-0125, 2010 WL 5158873, at *3 (M.D. Tenn. Dec. 14, 2010) ("Here, given that the members of this collective action are low wage workers, members of this group who opted in had the assistance of counsel, and the necessity of time for the Court's rulings, the Court deems tolling appropriate.").

Here, by contrast, the Court has affirmed the April 29, 2015 Order denying the Plaintiff's conditional certification motion. While the Court has given the Plaintiff the opportunity to renew his motion, it is not clear that he will actually renew his motion, nor whether the Court will ultimately grant his renewed motion. Because the status of any collective action is not clear, the Court finds that it is premature to rule on whether principles of equity warrant staying the statute of limitation as to potential class members. See Mendoza v. Ashiya Sushi 5, Inc., No. 12 CIV. 8629 (KPF), 2013 WL 5211839, at *10 (S.D.N.Y. Sept. 16, 2013) ("The Court will permit notice to be distributed to all potential plaintiffs employed within three years of the date of the filing of the Complaint, and defer consideration of the statute of limitations until after the opt-in period. At that time, any individual would-be plaintiffs whose claims have expired may seek

equitable tolling as it may apply to them."); Whitehorn v. Wolfgang's Steakhouse, Inc., 767 F. Supp. 2d 445, 449-50 (S.D.N.Y. 2011) ("Plaintiffs seek to toll the statute of limitations for potential collective members on the ground that Defendants' delay in providing contact information for some potential opt-ins prevented Plaintiffs from communicating with them. Plaintiffs' request is premature at this stage. Assuming Defendants' delay was so extraordinary as to merit equitable tolling, is not yet clear whether or not any potential plaintiffs will be barred from this action due to a delay in notice.").

Accordingly, the Court denies the Plaintiff's motion for equitable tolling without prejudice and with leave renew if and when he renews his motion for conditional certification.

### III. CONCLUSION

For the foregoing reasons, it is hereby ordered that the Plaintiff's motion to set aside the April 29, 2015 order is denied and the Plaintiff's motion for equitable tolling is also denied without prejudice. However, the Court modifies the April 29, 2015 to make clear that the denial of the Plaintiff's motion for conditional certification is without prejudice and with leave to renew following further discovery.

**SO ORDERED.**
Dated: Central Islip, New York
February 20, 2016


                                              _/s/ Arthur D. Spatt__
                                              ARTHUR D. SPATT
                                          United States District Judge